## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAREY MONROE,

    Plaintiff,

v.

CLEARY UNIVERSITY,

    Defendant.

Case No.

HON.

---

SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Carey Monroe (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

    1.    Plaintiff is a resident of the Village of Millington, County of Tuscola, and State of Michigan.

2. Defendant, Cleary University, ("Cleary") is a Michigan corporation with its principal place of business located at 3750 Cleary Dr., Howell, MI 48843, and whose registered agent is Michael Barnes, located at 3750 Cleary Dr., Howell, MI 48843.

3. The events producing the original injury occurred in Livingston County, in the Eastern District, Southern Division of Michigan.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of Age Discrimination in violation of the the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2202, *et seq.*, ("ELCRA"), and in violation of the Family Medical Leave Act, ("FMLA"), which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff is a 47 year-old female who began her employment with Defendant on or about October 17, 2017, and was most recently employed as Cleary University's Vice President, Enrollment & Corporate Relations.

9. For the duration of Plaintiff's employment, she was an exemplary employee, well-liked by her co-workers and by students and faculty of the Defendant, Cleary University, with no written reprimands. She loved her job and being part of the Cleary University family and when nominated for the position of President of the University, a letter of support was signed by several students and faculty members.

10. As Vice President, Enrollment & Corporate Relations, one of Plaintiff's primary functions was to work to ensure that Cleary met its enrollment goals each semester.

11. In pursuit of that goal, Plaintiff took many steps to modernize Cleary's enrollment process, including working in conjunction with a company known as "EAB," which uses technology to attract applicants to institutions of higher education, such as Cleary.

12. Under Plaintiff's direction, Cleary continuously met or exceeded its enrollment goals.

13. Notably, in light of the Covid-19 pandemic, which caused many college students to defer applications or forgo a degree altogether, Cleary's upper management expressed significant concern over its ability to meet enrollment goals.

14. Again under Plaintiff's direction, Cleary continued to meet or exceed its enrollment goals despite the Covid-19 pandemic, a testament to Plaintiff's competence and dedication, as reflected in her performance reviews.

15. All of Plaintiff's quarterly performance reviews indicated that she "exceeds expectations," with positive comments specifically regarding her actions as Vice President, Enrollment & Corporate Relations.

16. Plaintiff's October 2019 quarterly performance review indicated that the fall semester boasted the largest traditional population recruited in Cleary's history.

17. In spite of Plaintiff's positive performance and exceptional enrollment numbers, she was discriminated against by Cleary and through its President, Emily Barnes, on the basis of Plaintiff's age.

18. Emily Barnes is a 35 year-old female who assumed the office of Provost/Interim President of Cleary University on May 8, 2020 and became Plaintiff's immediate supervisor.

19. On several occasions, Barnes made blatantly discriminatory comments to Plaintiff regarding her age, including that, "your [Plaintiff's] generation is more

4

concerned about corner offices, titles, pin-striped suits, and kingdom building, than you are about working together – that is not going to work anymore in higher education."

20. Barnes continued to refer on multiple occasions to Plaintiff's age as a barrier to proper leadership.

21. In spite of Plaintiff's performance which consistently exceeded expectations, Barnes challenged Plaintiff at every turn, attempted to obstruct her in her efforts, and sought to countermand measures Plaintiff took to continue to improve enrollment figures at Cleary due to Plaintiff's age.

22. On September 16, 2020, Plaintiff sent a communication to Kait Conahan, a Human Resources Representative of Defendant, Cleary University, complaining about age discrimination and requesting that Plaintiff's personnel file be formally updated to include her concerns about interactions with Barnes, specifically that Barnes made multiple comments regarding Plaintiff's age being a problem with regard to her employment and performance, among other inappropriate comments by Barnes to Plaintiff.

23. In addition to the specific comments referenced in Plaintiff's September 16, 2020 communication to Defendant's Human Resources Department, Defendant made near-weekly comments to Plaintiff regarding the inefficacy of members of "her generation" as well as their unsuitability as employees.

24. Plaintiff suffers from chronic diverticulitis which is a serious medical condition under the FMLA.

25. Plaintiff requested and was approved for FMLA leave from October 6, 2020, until November 22, 2020, for chronic diverticulitis.

26. Plaintiff's medical leave was protected under FMLA and approved by the Defendant.

27. In direct response to Plaintiff's filing of a complaint of age discrimination with Cleary's Human Resources Department, use of FMLA leave and as a result of Plaintiff's age, and/or Plaintiff's use of FMLA leave Plaintiff was terminated by Cleary on or about November 18, 2020. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the ELCRA.

28. On or about January 20, 2021 Plaintiff filed a Charge of Discrimination with the EEOC for Claim No. 471-2021-00527 for claims of age discrimination under the ADEA and will amend this Complaint after more than 60 days have passed since the Charge was filed.

29. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## AGE DISCRIMINATION

30. Plaintiff incorporates by reference paragraphs 1 through 29 of the

Complaint as though fully set forth herein.

31. Defendant was Plaintiff's employer within the meaning of the ELCRA.

32. Pursuant to ELCRA Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors on the basis of her age.

33. Plaintiff's age was a factor in Defendant's employment decisions, including adverse employment actions and termination.

34. During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action, including termination, based upon her age by Defendant creating a hostile work environment by Defendant.

35. The age discrimination, hostile work environment, retaliation and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

36. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

37. Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon her age.

38. The age discrimination and conduct by Defendant and Defendant's failure to take any remedial action violated the ELCRA.

39. As a proximate result of the willful age discrimination and Defendant's failure to take remedial action against the age discrimination, retaliation and conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings, liquidated damages and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, Cleary, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate

## COUNT II
## VIOLATION OF THE FMLA

40. Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Defendant, DMS was Plaintiff's "employer" within the meaning of the FMLA.

42. Plaintiff suffers from chronic diverticulitis which is a serious medical condition under the FMLA.

43. Plaintiff requested and was approved for FMLA leave from October 6, 2020, until November 22, 2020, for chronic diverticulitis.

44. Plaintiff's medical leave was protected under FMLA and approved by the Defendant.

45. Defendant violated the FMLA by terminating Plaintiff for failing to work on days she was exercising approved FMLA leave.

46. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

47. Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48. Defendant was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

49. Under the FMLA "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions," including termination.

50. Plaintiff engaged in activity protected by the FMLA when she requested and was approved for FMLA leave.

51. The FMLA leaves were approved by Defendant.

52. Defendant took adverse action against Plaintiff by terminating her while she was on FMLA leave for failing to work on days she was approved for FMLA leave.

53. As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment action including termination.

54. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

   a. Loss of income;

   b. Emotional pain and suffering;

   c. Severe mental anguish and distress;

   d. Embarrassment and humiliation;

   e. Fright, shock, and mortification;

   f. Loss of earnings and other employment benefits; and
   g. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

55. Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. Defendant is an "employer" as defined in the ELCRA and FMLA.

57. Pursuant to the ELCRA and FMLA, Plaintiff is guaranteed the right to be free from discrimination and/or termination from her employer and/or supervisors based upon her age, or upon the taking of FMLA leave.

58. Plaintiff engaged in a protected activity under the ELCRA in reporting to Defendant's Human Resources Department that she was suffering discrimination on the basis of her age.

59. Defendant knew that Plaintiff was engaging in a protected activity.

60. As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendant retaliated against Plaintiff by terminating her.

61. Plaintiff's report to Defendant's Human Resources Department of instances of age discrimination against here was a significant factor in Defendant's adverse employment actions.

62. Plaintiff engaged in a protected activity under the FMLA in requesting and taking approved FMLA leave.

63. Defendant knew that Plaintiff was engaging in a protected activity.

64. As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendant retaliated against Plaintiff by terminating her.

65. Because of the unlawful conduct of Defendant, and as a proximate result of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 30, 2021

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Carey Monroe, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 30, 2021